IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STEPHENI SALZ, | ) No. 11-cv-3055-DEO |
| Plaintiff, | ) |
| v. | ) **REPLY BRIEF IN SUPPORT OF** |
| CASEY'S MARKETING COMPANY, | ) **MOTION TO DISMISS COUNT I OF** |
| Defendant. | ) **PLAINTIFF'S PETITION** |

COMES NOW Defendant, Casey's Marketing Company ("Casey's"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7(g), and submits the following Reply in Support of its Motion to Dismiss Count I of Plaintiff's Petition.

I.  **Plaintiff's Claim For a Violation of 29 USC § 207(r) Must Be Dismissed For Failure to State a Claim Upon Which Relief Can be Granted.**

Plaintiff does not dispute Casey's legal analysis of her section 207(r) claim. To the contrary, Plaintiff agrees that the only remedy available for a violation of section 207(r) is unpaid minimum wages or unpaid overtime compensation. *See* Plaintiff's Brief at pp. 5-6. Neither Plaintiffs' original petition nor her Amended Complaint alleges that she was denied minimum wages or overtime compensation associated with the breaks she allegedly took to express milk. Accordingly, no relief can be granted on her claim for a violation of section 207(r), and that portion of Count I of her Amended Complaint alleging a violation of section 207(r) must be dismissed. *See* Amended Complaint at para. 28-29, 34.

In an effort to manufacture a claim under section 207(r), Plaintiff alleges that she quit because of the alleged violation of section 207(r), and as such she was denied future minimum wages or overtime compensation which she contends she can recover under section 216(b). *Cf.* 29 USC § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their **unpaid** minimum wages, or their **unpaid** overtime compensation, as the case may be..."). This tortured constructive discharge theory has never been recognized as a valid claim for which relief can be granted with respect to any type of violation of section 207 -- a section which has been on the books since 1938. For example, there undoubtedly have been thousands of individuals who have allegedly quit because they were denied minimum wages or overtime compensation in violation of section 207, but no court has granted them a claim for future lost wages under section 216(b). There is no legal or rational basis for doing so in this case either. Indeed, should the Court recognize such a theory, then plaintiffs who allegedly quit their employment because of an alleged violation of section 207(b) would be granted relief where none exists for those plaintiffs allegedly subjected to the same violation who remain employed. There is no basis for such a distinction in the statute, and there is no legal basis for the Court to manufacture one.

The Court needs to look no further than the statutory language itself to firmly reject Plaintiff's constructive discharge theory. With respect to an alleged violation of section 207, section 216(b) provides for the recovery of "unpaid" minimum wages or "unpaid" overtime compensation. By utilizing the term "unpaid," Congress was clearly referencing those wages which were previously earned under the statutory provisions, but not paid. If Congress intended to make post-employment, unearned wages available for alleged violations of section 207, it

would have described the available remedy as "lost" wages, which is the language used with respect to violations of section 215(a)(3).   *See* 29 USC § 216(b) ("Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for . . . the payment of wages lost. . ."). Congress did not do so. Because Plaintiff's Amended Complaint does not allege that the putative violation of section 207(r) resulted in previously earned minimum wages or overtime compensation going unpaid, her claim for a violation of section 207(r) must be dismissed for failure to state a claim upon which relief can be granted.

Casey's recognizes that Plaintiff has amended her Count I to include a claim for retaliation under section 215(a)(3).  *See* Amended Complaint at para. 29-34.  To establish such a claim, Plaintiff will need to be able to prove that: she participated in statutorily protected activity, that Casey's took an adverse employment action against her, and that there was a causal connection between the statutorily protected activity and the adverse employment action. *See Ritchie v. St. Louis Jewish Light*, 630 F.3d 713, 717 (8th Cir. 2011).  While Casey's is confident Plaintiff will not be able to present sufficient evidence supporting each of these elements to withstand a summary judgment motion,[1] Casey's acknowledges that Plaintiff has arguably plead the bare minimum necessary in her Amended Complaint to avoid dismissal of the section 215(a)(3) retaliation claim at this stage.   Notwithstanding her newly plead retaliation claim, Plaintiff continues to attempt to assert a separate claim for a violation of 207(r) in Count I. *See*

---

[1] For example, Plaintiff alleges that the adverse action supporting this retaliation claim includes a "reprimand" and the fact that the camera was not removed from the office after she allegedly complained.  Even assuming that she received a "reprimand" related to certain job duties, that reprimand will not satisfy the adverse action element. *See Devin v. Schwan's Home Serv., Inc*., 491 F.3d 778, 787–89 (8th Cir.2007), abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042–43, 1058 (8th Cir.2011) (en banc) (holding that plaintiff's claim that she was unfairly issued written notices for failure to turn in customer postcards would not have deterred a reasonable employee from engaging in protected activity because she did not suffer adverse consequences because of the notices).   Likewise, allegedly retaining the pre-complaint status with respect to the camera in the office cannot logically be considered an adverse action taken "because of" any alleged complaint.

Amended Complaint at para. 28-29, 34. The claim for a violation of section 207(r) in Count I must be dismissed for the reasons articulated by Casey's in its original Brief and this Reply.

**II.     Plaintiff Has Failed to Articulate a Basis for a Stay of These Proceedings.**

Plaintiff's request for a stay of this action must be denied. Casey's Motion to Dismiss is based upon a legal issue related to the available remedies under the FLSA for an alleged violation of section 207(r) of that Act. Plaintiff has not articulated how a ruling on this legal issue could have any preclusive effect on her contemplated discrimination claims under the Iowa Civil Rights Act or Title VII. Moreover, Plaintiff chose to pursue these claims at this time and in this order. If she wishes to put a halt to the proceedings she can voluntarily dismiss this action until she is prepared to litigate it. As long as the action is pending, it should be litigated in the normal course, and the ruling on Casey's Motion to Dismiss should not be "stayed."

**III.    Conclusion**

For the foregoing reasons, Casey's respectfully requests that Count I of Plaintiff's petition be dismissed to the extent it alleges a claim for a violation of section 207(r) of the FLSA.

/s/ Nathan Overberg
Nathan J. Overberg (AT0005932)
Amanda G. Wachuta (AT0008250)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309-2231
Telephone:  515/243-7611
Facsimile:  515/243-2149
E-mail: noverberg@ahlerslaw.com
        awachuta@ahlerslaw.com
ATTORNEYS FOR DEFENDANT

Electronically filed.

Copy via CM-ECF to:

Mark D. Sherinian
Melissa C. Hasso
SHERINIAN & HASSO LAW FIRM
630 Colony Park Building
3737 Woodland Avenue
West Des Moines, Iowa 50266
(515) 224-2079
(515) 224-2321 (fax)
Sherinianlaw@msn.com
mhasso@sherinianlaw.com
ATTORNEYS FOR PLAINTIFF

| CERTIFICATE OF SERVICE |
| --- |
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings, on 11-30-11___. |
| By  ☐ U.S. Mail          ☐ Fax |
|         ☐ Hand Delivery  ☐ Private Carrier |
|         ☒ Electronically through CM-ECF / Email |
| /s/ ___Nathan Overberg_____ |

00830199-1\10281-137