IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **STEPHENI SALZ,** Plaintiff, v. **CASEY'S MARKETING COMPANY,** Defendant. | **No. 11-CV-3055-DEO** **Memorandum and Opinion Order** |

## I. INTRODUCTION AND BACKGROUND

This matter is before the Court on Casey's Marketing Company (Defendant's) motion to dismiss Stepheni Salz's (Plaintiff's) Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket Nos. 6 and 11.

On October 11, 2011, Plaintiff filed a complaint in the District Court of Hancock County, Iowa, alleging a violation of 29 U.S.C. § 207(r) of the Patient Protection and Affordable Care Act (the "Act"). Docket No. 2-2, 5. In pertinent part, the Act requires an employer to provide "a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public" to be used by female employees to express milk.[1] 29 U.S.C. § 207(r). On October 28, 2011,

---

[1] Expressing is a when a mother takes milk from her breast for later use by an infant. It can be done by hand or with an electric or manual pump. It provides a means for infants to

the case was removed to this Court based on federal question jurisdiction. Docket No. 2. On November 3, 2011, Plaintiff filed their pending motion to dismiss, arguing Section 207(r) did not provide for a private cause of action. Docket No. 6. On November 21, 2011, Plaintiff filed an amended complaint, alleging Defendant's actions in response to Plaintiff's complaints about express breast feeding constituted constructive discharge and retaliation in violation of 29 U.S.C. § 215(a)(3), as well as invasion of privacy under the common law. Docket No. 8. On December 5, 2011, Defendant filed a motion to dismiss Count I of the amended complaint. Docket No. 11.[2]

## II. FACTS AS ALLEGED BY PLAINTIFF

On April 17, 2011, Plaintiff returned to work at a Kum & Go convenience store after a leave of absence related to the birth of her child. Docket No. 8, 2. Plaintiff was a nursing mother at the time she returned to work and needed to express breast milk while working in order to meet her infant's

---

have the benefits of breast milk even though separated from their mothers. *Expressing breastmilk*, babycentre, available at http://www.babycentre.co.uk/baby/breastfeeding/pumping expressing/expressingbreastmilk/, last visited July 18, 2012.

[2]The defendants confirmed that both motions to dismiss should be applied to the amended complaint.

nutritional needs.  Id.  Plaintiff's supervisor assured her that the store's office was a secure and private place to express breast milk, and Plaintiff believed the office to be a secure and private place for her to do so.  Docket No. 8, 3.

On July 15, 2011, Defendant acquired the convenience store where Plaintiff worked.  Docket No. 8, 2.  On July 28, 2011, Plaintiff, while her breast was exposed, noticed an operating video camera in the office.  Docket No. 8, 3.  Upon further inquiry, Plaintiff learned that the video camera had been installed in the office around Defendant's acquisition of the store on July 15.  Id.  Prior to noticing the camera, Plaintiff was not otherwise informed of its presence.  Id.

After Plaintiff expressed discomfort with the presence of the camera, Defendant failed to promptly respond to her concerns.  Id.  When Defendant finally did respond, they told Plaintiff to place a plastic bag over the camera, rather than disable it, and refused to provide any other accommodations.  Docket No. 8, 3-4.  Thereafter, Plaintiff was unable to relax and experienced a noticeable reduction in her milk production, which placed her ability to meet her infant's nutritional needs in jeopardy.  Docket No. 8, 4.

After Plaintiff complained about the situation, she was reprimanded for allegedly failing to fill an ice cream machine, failing to put hot dogs on a grill, and leaving dirty dishes. Id. Plaintiff subsequently left her position. Docket No. 8, 5.

**III. MOTION TO DISMISS: LEGAL STANDARD**

Rule 12(b)(6) provides that a defendant may assert a defense for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) requires a plaintiff to plead "a short plain statement of the claim showing" they are "entitled to relief." F.R.C.P. 8(a)(2). Rule 8(e) requires courts to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e).

In Bell1 Atlantic Corporation v. Twombly, the Supreme Court revisited the standard for a 12(b)(6) motion. 550 U.S. 544 (2007). The Court upheld the traditional concept of notice pleading, whereby the primary purpose of pleading in the federal system is to give a defendant "'fair notice of what the claim is and the grounds upon which it rests.'" 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41 (1957)). A complaint need not include detailed factual allegations but "requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action . . . ." <u>Id.</u> "Facts and allegations must be enough to raise a right to relief above the speculative level . . . on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact)." <u>Id.</u>  Overall, the Court did not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."

In <u>Ashcroft v. Iqbal</u>, the Court identified two principles underlying its decision in <u>Twombly</u>. 129 S. Ct. 1937, 1950-51 (2009). First, a court need not accept allegations which constitute mere legal conclusions as true. <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Id.</u> (citing 550 U.S. at 556). A determination of whether a claim is plausible "requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u> (citing <u>Iqbal v. Hasty</u>, 490 F.3d 143, 157-58 (2nd Cir. 2007)).

**IV. DIRECT VIOLATION OF EXPRESS BREAST MILK PROVISIONS**

The express breast milk provisions are codified at 29 U.S.C. § 207(r). 29 U.S.C. § 207(r) provides:

> (r)(1) An employer shall provide-
>
>> (A) a reasonable break time for an employee to express breast milk for her nursing child for 1 year after the child's birth each time such employee has need to express the milk; and
>>
>> (B) a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by an employee to express breast milk.
>
> (2) An employer shall not be required to compensate an employee receiving reasonable break time under paragraph (1) for any work time spent for such purpose.

The enforcement for violations of 29 U.S.C. § 207 are at 29 U.S.C. § 216(b). In pertinent part, 29 U.S.C. § 216(b) provides,

> Any employer who violates the provisions of section . . . 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Since Section 207(r)(2) provides that employers are not required to compensate employees for time spent express milking, and Section 216(b) provides that enforcement of Section 207 is limited to unpaid wages, there does not appear to be a manner of enforcing the express breast milk provisions. A recent notice from the Department of Labor

corroborates Defendant's interpretation and limits an employee to filing claims directly with the Department Labor. Reasonable Break Time for Nursing Mothers, 75 Fed. Reg. 80073, 80078 (Dec. 21, 2010). The Department of Labor may then "seek injunctive relief in federal district court . . . ."

**Therefore, in as far as Plaintiff claims a direct violation of 29 U.S.C. § 207(r), Defendant's motion to dismiss is granted.**

V. CONSTRUCTIVE DISCHARGE AND RETALIATORY ACTION

In her Amended Complaint, Plaintiff alleges that she is entitled to relief pursuant 29 U.S.C. § 215(a)(3) for constructive discharge[3] and retaliation in relation to her complaints about Defendant's express breast feeding policy.

Section 215(a)(3) provides that it is

> unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding . . . .

---

[3]The Eighth Circuit recognizes theories of constructive discharge. See Horn v. University of Minnesota, 362 F.3d 1042, 1046-47 (8th Cir. 2004). Constructive discharge occurs "'when an employer deliberately renders the employee's working conditions intolerable and thus forces [the employee] to quit [her] job.'" Id. at 1046 (quoting West v. Marion Merrell Dow, Inc., 54 F.3d 493, 497 (8th Cir. 1995)).

7

The enforcement provision of Section 215(a)(3), like the enforcement provision for Section 207(r), is found in Section 216(b). In pertinent part, Section 216(b) states:

> Any employer who violates the provisions of section 215(a)(3) of this tile shall be liable for such legal or equitable relief as may be appropriate to effectuate the purpose of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated . . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

While Defendant concedes "Plaintiff has arguably plead the bare minimum necessary . . . to avoid dismissal" of her § 215(a)(3) "retaliation claim," Defendant maintains that Plaintiff has failed to state a claim based on her constructive discharge theory. Docket No. 10, 2-5. The essence of Defendant's argument is that Plaintiff's claim undermines the enforcement provision of § 207, which limits a plaintiff to "unpaid" rather than "lost" wages. 29 U.S.C. § 216(b).

Though Section 216(b) clearly limits a plaintiff claiming a direct violation of Section 207(r) to unpaid wages, Section 215(a)(3) provides for a separate cause of action with separate remedies should an employer "discharge or in <u>any</u> other manner discriminate against" the employee "because such employee has filed <u>any</u> complaint . . . under or related to" the Fair Labor Standards Act, including the express breast feeding provision. 29 U.S.C. § 215(a)(3). In other words, once an employer discriminates or discharges an employee in relation to an employee's complaint[4] about the employer's express breast feeding policy, they have violated not only Section 207(r) but also Section 215(a)(3). **<u>Therefore, Defendant's Motion to Dismiss, in as far as it relates to Plaintiff's claims for constructive discharge and retaliation in violation of Section 215(a)(3), is denied.</u>**

## VI. PLAINTIFF'S REQUEST FOR A STAY

In Plaintiff's brief in resistance to Defendant's motion to dismiss, Plaintiff requests a stay until after Plaintiff has exhausted her administrative remedies and amended her complaint to add a pregnancy discrimination claim under the

---

[4] A complaint need not be formal in order to fall under the purview of Section 215(a)(3). <u>See</u> <u>Conner v. Schnuck Markets, Inc.</u>, 121 F.3d 1390 (10th Cir. 1997).

9

Pregnancy Discrimination Act of 1978. Docket No. 9-1. Such a stay is unwarranted under applicable law. Plaintiff may either file for joinder of her pregnancy discrimination claim with the current action or request additional leave to amend her complaint at the appropriate time.

**IT IS SO ORDERED** this 19th day of July, 2012.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa